UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cr20

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| AVERY TED CASHION, III, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Government's Motion to Disqualify Counsel [# 24]. The Government moves this Court to enter an Order disqualifying Sean Devereux as counsel for Defendant Avery Ted Cashion. The Government contends that disqualification is required in this case because of potential and current conflicts of interest arising from Mr. Devereux's prior joint representation of Defendants Cashion and Raymond Chapman. On May 3, 2012, the Court held a hearing on the Government's motion and conducted a Rule 44(c) inquiry on the record. Upon a review of the record in this case and after consideration of the testimony from the hearing, the Court **DENIES** the Government's motion [# 24].

### I. Analysis

The Sixth Amendment to the United States Constitution guarantees a

1

criminal defendant the right to counsel.  <u>Wheat v. U.S.</u>, 486 U.S. 153, 158, 108 S. Ct. 1692, 1696 (1988).   This includes the right of a criminal defendant to choose counsel of his or her own choosing.  <u>United States v. Gonazlex-Lopez</u>, 126 S. Ct. 2557, 2563 (2006); <u>Wheat</u>, 486 U.S. at 159, 108 S. Ct. 1697.  The right to choose one's own counsel, however, is subject to certain limitations, including where a conflict of interest exists as the result of the chosen attorney's representation of a co-defendant.  <u>Wheat</u>, 486 U.S. at 159, 108 S. Ct. 1697; <u>United States v. Ramsey</u>, 661 F.2d 1013, 1017 (4th Cir. 1981).

As a result, Rule 44(c) of the Federal Rules of Criminal Procedure directs the Court to inquire into the "propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c)(2).  Joint representation under Rule 44 occurs whenever two or more defendants are charged jointly or have been joined for trial and the defendants are represented by the same counsel or counsel in the same law practice.  Fed. R. Crim. P. 44(c)(1).  As the Fourth Circuit has explained, however, a defendant may waive his or her right to a conflict-free representation, provided that the waiver is voluntary, intelligent, and made knowingly.  <u>United States v. Gilliam</u>, 975 F.2d 1050, 1053 (4th Cir. 1992); <u>U.S. v. Brown</u>, 202 F.3d 691, 697 (4th Cir. 2000).

2

As a threshold matter, there is no current joint representation by counsel in this case. Rather, this case involves a situation where one of the attorneys, Mr. Devereux, represented multiple defendants during the pre-indictment phase of the criminal investigation. Although the express language of Rule 44 does not refer to situations of prior joint representation, the Court, in an abundance of caution, scheduled a Rule 44(c) hearing in order to inquire on the record as to any potential conflicts of interest and to inform Defendants of their rights.

On May 3, 2012, the Court held the hearing and heard argument from counsel regarding the potential conflicts of interest stemming from Mr. Devereux's prior representation of multiple Defendants in this matter. The Court questioned both counsel and the Defendants regarding the potential conflicts. In addition, the Court advised Defendants of their right to effective assistance of counsel and explained the potential conflicts that could arise in this case as the result of Mr. Devereux's prior representation. In response to the Court's individual inquiry with Defendants, the Defendants each expressed their desire for Mr. Devereux to remain in this case. Defendants Chapman and Cashion then executed Waivers of Right to Conflict-Free Representation. Defendants Chapman and Cashion entered these waivers voluntarily, knowingly, and intelligently. In fact, the only party who objects to Mr. Devereux representing Defendant Cashion in this case is the

3

Government.  After reviewing the record in this case, the relevant case law, and after having the benefit of the Rule 44(c) hearing, the Court is satisfied that to the extent any conflict exists currently or might exist at trial, Defendants have waived any right to a conflict-free representation.  United States v. Gilliam, 975 F.2d 1050, 1053 (4th Cir. 1992); U.S. v. Brown, 202 F.3d 691, 697 (4th Cir. 2000).  Accordingly, the Court **DENIES** the Government's motion [# 24].

II. **Conclusion**

The Court **DENIES** the Government's Motion to Disqualify Counsel [# 24].

Signed: May 8, 2012

Dennis L. Howell
United States Magistrate Judge